**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1258
_____

LA'KEYA KEO,
                              Appellant

v.

FEDERAL BUREAU OF INVESTIGATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1:25-cv-00126)
District Judge: Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 5, 2026
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: August 10, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Pro se* appellant La'Keya Keo appeals from the District Court's *sua sponte* dismissal of her amended complaint without prejudice. For the reasons that follow, we will affirm the District Court's judgment, with one modification.

Keo initiated this federal action for damages against the Federal Bureau of Investigation ("FBI"). The District Court dismissed Keo's complaint on sovereign immunity grounds but gave her an opportunity to amend her complaint. Keo amended her complaint, alleging "police brutality, misconduct, police negligence, discrimination, harassment, Racial, Retaliation, Gender, Age, Religion, medical negligence, medical malpractice and[] discrimination against a patient based on protected characteristics (like race, ethnicity, disability, etc.) pursuant to Title VII." The factual allegations in Keo's amended complaint are essentially that she was a victim of cybercrimes and cyberbullying, and that the FBI failed to investigate or take other action on her crime reports.

The District Court, adopting the Magistrate Judge's Report and Recommendation, dismissed Keo's amended complaint without prejudice for lack of subject-matter jurisdiction and without further leave to amend. Keo timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's dismissal of Keo's complaint for lack of subject-matter jurisdiction. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). We may affirm a district court's decision on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Keo's arguments on appeal mostly reiterate her complaint's allegations, and she does not appear to challenge meaningfully the District Court's determination that it lacked subject-matter jurisdiction. Instead, she seemingly challenges the District Court's decision to deny her leave to amend her complaint further. Nevertheless, the District Court properly dismissed Keo's amended complaint. Sovereign immunity shielded the FBI from Keo's constitutional claims. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Even if Keo purported to bring claims under the Federal Tort Claims Act ("FTCA") against the United States, the FTCA's discretionary function exception would preclude the District Court's jurisdiction over those claims. *See Xi v. Haugen*, 68 F.4th 824, 837–38 (3d Cir. 2023); *cf. Kelly v. United States*, 924 F.2d 355, 362 (1st Cir. 1991) ("Since decisions to investigate, or not, are at the core of law enforcement activity, the bureau chiefs' challenged conduct involved precisely the kind of policy-rooted decisionmaking that [the discretionary function exception] was designed to safeguard.").

To the extent that Keo brought any claims under Title VII of the Civil Rights Act of 1964, Keo did not state a claim for relief because she failed to allege that she was an employee or an applicant for employment with the FBI. *See Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 119 (3d Cir. 2013) (holding that a Title VII plaintiff "must allege an employment relationship with the defendant[ ]").

Finally, we agree with the Distrct Court's determination that, under the circumstances of this case, granting Keo further leave to amend her complaint would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

Therefore, we will affirm the District Court's judgment, but we will modify the District Court's dismissal order so that Keo's Title VII claims are dismissed with prejudice.[1] To the extent that Keo seeks other relief on appeal, it is denied.

---

[1] As mentioned earlier, the District Court dismissed Keo's claims without prejudice for lack of subject-matter jurisdiction. But because we are upholding the dismissal of Keo's Title VII claims based on our conclusion that Keo failed to state a viable claim for relief under Title VII and that amendment would have been futile, the dismissal of those claims should be with prejudice. *See, e.g.*, *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 489 (3d Cir. 2017) ("Because the District Court concluded that amendment would be futile, the dismissal was with prejudice.").